BROOKS-WRIGHT, INC., PLAINTIFF-RESPONDENT, v. JOSEPH NESTICO, DEFENDANT-APPELLANT.

Submitted October 7, 1941—Decided January 20, 1942.

Before Justices PARKER, DONGES and COLIE.

For the plaintiff-respondent, *Peter Cohn*.

For the defendant-appellant, *Louis Dworetz* and *Maurice Bernstein*.

The opinion of the court was delivered by

DONGES, J. This is an appeal from a judgment of the First District Court of the City of Paterson in a suit upon a promissory note. The court below found for the plaintiff in the amount sought and defendant appeals.

Plaintiff was the payee and holder of the note upon which Universal Home Construction Co., Inc., a corporation, was the maker and the defendant-appellant, Joseph Nestico, was the endorser. The corporate maker of the note offered no defense and this appeal is by the endorser only. The defense was that the endorser had received no notice of dishonor and protest. It is admitted that no such notice was given and the case turns upon whether or not the defendant had, by his conduct, waived notice of protest.

The trial court held that because the appellant was the president and guiding spirit of the corporation that made the note and had executed the note on behalf of the corporation, because he made all collections and disbursements for the corporation, because he had closed out the corporation's account in the bank where the note was payable prior to maturity of the note, because he knew the corporation was without funds to pay the note and was insolvent at the time of maturity, he was guilty of conduct that amounted to an implied waiver of notice of protest and a notice of protest would have been an idle gesture. He held that under the authority of *Manufacturers Trust Co.* v. *Wechsler, 7 N. J. Mis. R.* 886, and *Atlantic Refining Co.* v. *Nucar Forwarding Corp.*, 11 *Id.* 541, there was a waiver because the appellant by his acts and conduct had made it impossible for the corporate defendant to meet the note at maturity.

We are unable to adopt that view or to see the applicability of the cases relied upon to the facts of the present case. In *Manufacturers Trust Co.* v. *Wechsler, supra,* the endorser was, as here, an officer and the controlling stockholder of the corporation which made the note. As such officer he filed on behalf of the corporation a voluntary petition in insolvency in the federal court seeking the appointment of a receiver. Before maturity of the note an injunction issued, at his instance, restraining disbursement of the corporation's assets. In that situation the court properly held that the endorser's own acts had made it impossible for the maker to meet the note and that this constituted a waiver. In *Atlantic Refining Co.* v. *Nucar Forwarding Corp., supra,* the endorser, an officer of the corporate maker, filed on behalf of the corporation a formal consent to an adjudication of bankruptcy after creditors had filed an involuntary petition. It was held that he had so participated in the bankruptcy proceeding, which proceeding obviously made it impossible for the corporation to meet the note when due, that his conduct amounted to a waiver.

But in the instant case we see no conduct on the part of the appellant that made it *impossible* for the corporation to meet the obligation, in the legal sense as opposed to the practical one. Merely disbursing the funds of the corporation for what must be presumed to be proper purposes of the corporation, there being no proof or claim to the contrary, did not make it legally impossible for the corporation to pay the note when due. Nor did closing out the bank account. It is not necessary that the maker of the note have an account at the bank where the note is payable. It might be met in cash.

All that can be charged against the appellant is knowledge that, as a matter of fact, the corporation was on the due date without funds to pay the note, although it was otherwise legally anwerable therefor. *Bigelow, in Bills and Notes* (*3d ed.*) 393, says: "Mere knowledge that the maker cannot pay does not excuse presentment and notice." It was said by Mr. Justice Dayton, speaking for this court, in *Sussex Bank* v. *Baldwin,* 17 *N. J. L.* 487: "A knowledge that the maker could not pay, does not dispense with strict proof of demand and notice." No authority to the contrary is cited

by the respondent. This must be the sound rule. Otherwise if it could be shown that an endorser had information that a maker was without funds to meet a note, the notice would automatically be waived. The protection given endorsers by the law would mean little or nothing.

The plaintiff had it within its power to hold the appellant on the instrument by seeing that proper notice of dishonor was given. 'It did not do so and we can find nothing upon which it can properly be held that the appellant waived the protection accorded endorsers on negotiable instruments.

The judgment is reversed, with costs.